**STAFFORD et al. v. KELLEY et al.**

No. 27548.     Nov. 2, 1937.

D. H. Linebaugh and Gordon B. Harrison, for plaintiffs in error.

Chas. G. Watts, Gordon Watts, and Forrester Brewster, for defendants in error.

PER CURIAM. This action was originally brought by Arthur Kelley against the plaintiffs in error to recover certain moneys which he alleged had been wrongfully exacted of him and to obtain a mandatory injunction to compel the performance of a contract in a specified manner.

It was alleged, in substance, in the original petition that, under the terms of the contract which was attached thereto as an exhibit, the plaintiff was entitled to carry on and conduct a livestock commission business in the stockyards of the defendants, and to use the pens, offices, and facilities located therein which had been formerly used and employed by the Independent Livestock Commission Company, and in addition thereto to use certain back lots for the purpose of feeding cattle and to furnish his own feed therein, all for the sum of $25 per month. It was further alleged that the defendants had violated the terms of said contract and had required the payment of office rent and the purchase of feed from their yards and had denied plaintiff the use of the back lots provided in the contract. Wherefore the plaintiff prayed judgment for the moneys which he had paid for office rentals and excess feed purchases and for a mandatory injunction requiring the defendants to perform the contract in accordance with his construction of its terms. The Muskogee Stockyards Company filed a general demurrer to said petition. C. I. Stafford & Sons, by an amended answer after a general denial, admitted the execution of the contract, but averred that the

plaintiff had not engaged in business as provided therein, but had formed a partnership with one Dave Tate, and that they had transacted business on the premises of the defendants under the name of Sellers Commission Company, and that, therefore, the said Arthur Kelley was not the real party in interest, and hence not entitled to maintain the action. The cause was tried as one in equity. At the close of the plaintiffs' evidence, a demurrer thereto was interposed which was overruled and denied; permission was thereupon granted plaintiff to file an amended petition, which was done, wherein Arthur Kelley and Dave Tate, trading as Sellers Commission Company, were substituted as parties plaintiff, and an additional plea of equitable estoppel was asserted. The original demurrer and amended answer were thereupon refiled, and the defendants introduced evidence in their behalf and again at the conclusion of all of the evidence moved for a directed verdict in their favor, which was overruled and denied. The court entered a decree in favor of the plaintiffs finding that they were entitled under the contract to the use of the premises formerly occupied by the Independent Livestock Commission Company, including the offices, for the $25 per month payment provided in the contract, and gave the plaintiffs judgment for the sum of $85, being the amount of rents previously paid and $15 which had been retained by the defendants out of certain moneys due the plaintiffs, and issued a mandatory injunction requiring the defendants to accept the plaintiffs' version and construction of the contract as set up in their petition and amended petition. Motions of the defendants for new trial were overruled, and they appeal the cause here.

Defendants assign ten specifications of error which they present and discuss under six propositions and numerous subdivisions. In view of the conclusion which we have reached in this matter, we find it unnecessary to enter into a discussion of the separate matters thus raised and presented. The plaintiffs predicated their right to recovery upon the following contract:

"This agreement made and extend (sic) into this 28th day of July, 1934, by and between C. I. Stafford and Sons, Springfield, Mo. Party of the first part and Arthur Kelly, Coweta, Okla. party of the second part whereby the party of the first____ C. I. Stafford agrees to permit the party of the second part Arthur Kelly to operate the Commission Company known as the Independent Livestock Commission Company of the Muskogee Stockyards, Muskogee, Okla. for a term of three months without payments on permits after that the Party of the Second part Arthur Kelly, agrees to pay at the rate of $25.00 (twenty-five) dollars per month until (Twenty-Five hundred) dollars $2500.00, is paid or surrender all priviledges (sic). It is further agreed that said Arthur Kelly, shall have the privilege to use the back lots and furnish his own feed for his own stock."

It will be observed that the foregoing contract makes no provision with respect to the particular premises conveyed or the facilities to be enjoyed except as to the back lots. The salient features of the evidence as disclosed by the record are briefly as follows: A few days after the contract in question was executed, Arthur Kelley and Dave Tate formed a partnership and took charge of the premises formerly occupied by the Independent Livestock Commission Company at the yards of the defendants and commenced transacting a livestock commission business under the name of Sellers Commission Company. It appears that this action on their part was acquiesced in by the defendants, and that after the plaintiffs had been engaged in business on the premises for about a month, the defendants called upon the plaintiffs to pay rental for the office which they were using, and that the plaintiffs paid such rental and continued to thereafter pay such office rental each month for a number of months until notified that the rent, instead of being $5 per month as formerly, would be $10 per month, whereupon plaintiffs asserted that they were not liable for any rents, and this suit was instituted. It will be noted that the contract upon which the plaintiffs rely makes no reference to office space or other equipment, and does not purport to be a rental contract, but rather a contract for a privilege in the nature of a franchise, and apparently the parties did not construe the contract originally as providing for free office rental, since when demand was made for payment of rent shortly after the plaintiffs had started into business, this demand was met by them apparently without objection and the rent as well as the permit fee called for in the contract was paid for a number of months thereafter apparently without objection or protest until the office rental was raised, at which time it appears that the plaintiffs first conceived the thought that the claims for rental could be defeated by construing the contract so as to include such office in the provisions thereof. Where the parties to a contract have

themselves construed the terms thereof in a certain manner, such construction is to be given great weight in arriving at a proper determination of what the parties intended the contract to cover when a dispute arises subsequently between them relative to their respective rights and obligations under the instrument. Washoma Pet. Co. v. Eason Oil Co., 173 Okla. 430, 49 P. (2d) 709.

In order to find, as the trial court did, that the contract included the right to offices without any rent other than that arising out of the permit fee named in the instrument, it is necessary to read into the contract something that does not appear therein and to give to the contract a different construction to that which the parties themselves had previously given thereto over a considerable period of time. This is not permissible. As said in Phillips v. Henderson Gasoline Co., 101 Okla. 277, 225 P. 668:

"It is the duty of the court to construe contracts as written, and not to enlarge upon the contract and make new contracts for the parties regarding matters upon which their minds have not met."

The judgment rendered in the court below not only enlarged upon the contract between the parties, but made a new contract for them and entirely disregarded the construction which the parties had previously placed upon the instrument, and further attempted to enforce by mandatory injunction the contract so made. From what has been said above, it is apparent that in so doing the court committed fundamental error. The cause is reversed and remanded, with directions to set aside the judgment and to deny the application for injunction.

Reversed and remanded, with directions.

OSBORN. C. J., BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.